http://www.va.gov/vetapp16/Files6/1644941.txt

Citation Nr: 1644941 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 11-03 757 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUES

1. Entitlement to service connection for hypertension, to include as secondary to herbicide exposure.

2. Entitlement to service connection for chronic obstructive pulmonary disease (COPD), to include as secondary to herbicide exposure.

3. Entitlement to an initial evaluation in excess of 20 percent prior to July 20, 2012 and 40 percent thereafter for residuals of prostate cancer, to include propriety of the reduction of the rating from 100 percent to 20 percent, effective November 1, 2010).

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESSES AT HEARING ON APPEAL

Appellant and his spouse

ATTORNEY FOR THE BOARD

C. Jones, Associate Counsel

INTRODUCTION

The Veteran served on active duty from November 1965 to November 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from August 2010 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In the first August 2010 rating decision, the RO denied service connection for hypertension and emphysema. In a subsequent rating decision issued in August 2010, the RO decreased the rating for the Veteran's service-connected prostate cancer from 100 percent to 10 percent, effective November 1, 2010. 

Thereafter, in a January 2012 rating decision, the RO increased the rating for prostate cancer to 20 percent, effective December 13, 2011. In an October 2012 rating decision, the RO increased the rating for the Veteran's prostate cancer to 40 percent, effective July 20, 2012. 

In March 2013, the Veteran and his spouse testified before the undersigned at a Board hearing. A transcript of the hearing has been associated with the claims file.

This matter was before the Board in April 2014 at which time it was remanded for further evidentiary development. 
Thereafter, in a September 2014 rating decision, the Appeals Management Center (AMC) increased the rating for prostate cancer to 20 percent, effective November 1, 2010.

The issues of entitlement to service connection for hypertension and entitlement to an increased rating for prostate cancer are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDING OF FACT

The weight of the evidence is against a finding that the Veteran's current chronic obstructive pulmonary disease had its onset during military service or is otherwise related to such service.

CONCLUSION OF LAW

The criteria for service connection for chronic obstructive pulmonary disease have not been met. 38 U.S.C.A. §§ 1110, 5107 (2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.309 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

Duty to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist veterans in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015). 

The VA's duty to notify was satisfied through a letter dated in May 2010, which fully addressed all notice elements. See Dingess/Hartman. v. Nicholson, 19 Vet. App. 473 (2006).

Next, VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting him in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 
38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Service treatment records are associated with claims file. Post-service medical records and Social Security Administration (SSA) records have been obtained. As requested in the Board's April 2014 remand directives, outstanding VA medical records have been retrieved. The Veteran has not identified any additional records that should be obtained prior to a Board decision. Therefore, VA's duty to further assist the Veteran in locating additional records has been satisfied. 

The Board notes that a VA examination was not provided in conjunction with the Veteran's claim of service connection for COPD, and the evidence of record does not warrant one. See 38 C.F.R. § 3.159 (c)(4) (2015). VA has a duty to provide a VA examination when the record lacks evidence to decide the veteran's claim and there is evidence of (1) a current disability, (2) an in-service event, injury, or disease, and (3) some indication that the claimed disability may be associated with the established event, injury, or disease. Id.; see also McLendon v. Nicholson, 
20 Vet. App. 79 (2006). In the present case, the Veteran has a diagnosis of COPD and alleges that it is due to exposure to Agent Orange during service. His service records confirm service in Vietnam, therefore, exposure to herbicides is established. However, as detailed below, the only opinion of record suggesting that the appellant's COPD is due to herbicide exposure is from the Veteran. His statement appears to generally assert that his respiratory disorder is associated with the exposure to herbicides in service. The Board finds that this general statement from the Veteran is not enough to trigger VA's duty to assist to provide an examination. See Waters v. Shinseki, 601 F.3d 1274, 1278-79 (Fed. Cir. 2010) (explaining that something more than an appellant's conclusory, generalized statement is needed to trigger VA's duty to assist by providing a medical nexus examination). 

Additionally, as requested in the April 2014 remand directive, the claim was readjudicated in a September 2014 supplemental statement of the case. Thus, there was substantial compliance with the Board's prior remand instructions. See Stegall v. West, 11 Vet. App. 268 (1998).

In sum, there is no evidence of any VA error in notifying or assisting the Veteran that reasonably affects the fairness of this adjudication.

Legal Criteria

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). 

Establishing service connection generally requires competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303.

Where the veteran asserts entitlement to a chronic disease but there is insufficient evidence of a diagnosis in service, service connection may be established under 38 C.F.R. § 3.303 (b) by demonstrating a continuity of symptomatology since service, but only if the chronic disease is listed under 38 C.F.R. § 3.309 (a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Certain diseases associated with exposure to herbicide agents will be presumed to have been incurred in service even though there is no evidence of that disease during the period of service at issue. 38 U.S.C.A. § 1116 (a) (West 2014); 38 C.F.R. §§ 3.307 (a)(6), 3.309(e) (2015).

Veterans who, during active service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed to an herbicide agent, unless there is affirmative evidence of non-exposure. 38 U.S.C.A. §§ 1116; 38 C.F.R. § 3.307. A veteran who served on land in Vietnam is presumed to have had such exposure. Id. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Factual Background

The Veteran contends that his COPD is due exposure to Agent Orange during military service. Service treatment records indicate that the Veteran received medical treatment for a back ache and headache while stationed in Vietnam. As such, service in Vietnam is confirmed and exposure to Agent Orange has been established. 

Service treatment records are negative for complaints of, treatment for, or diagnosis of COPD. Notably, in the October 1968 separation examination, the Veteran's lungs and chest were normal and there was no finding of any respiratory condition. A chest x-ray at that time revealed a normal chest. Additionally, such condition was not reported by the Veteran in the accompanying report of medical history.

Post-service medical records demonstrate diagnoses of COPD and emphysema. However, the records do not indicate that the conditions are related to military service.

In testimony provided during the March 2013 Board hearing, the Veteran stated that he was diagnosed with emphysema after military service in approximately 1985. He also stated that this doctor had not advised him as to whether the condition is related to military service.

Analysis

While the record demonstrates that the Veteran currently suffers from COPD (see, e.g., November 2010 VA emergency note), the weight of the evidence is against a link between the current disability and military service. 

At the outset, the Board notes that presumptive service connection for COPD due to herbicide exposure in not warranted as the condition is not included in the list of diseases associated with herbicide exposure. See 38 U.S.C.A. § 1116; 38 C.F.R. §§ 3.307, 3.309. Therefore, service connection for COPD is not warranted on a presumptive basis due to exposure to Agent Orange. 38 C.F.R. §§ 3.307, 3.309.

Notwithstanding the foregoing, the Board will consider the claim on a direct basis. Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

In this regard, the Veteran's service treatment records are negative for treatment for or a diagnosis of COPD during military service. At separation from military service, there appellant's lungs and chest were normal and there was no finding of any respiratory condition. This evidence weighs against a finding of a chronic disease in service. Moreover, there is no medical evidence suggesting that the condition is related to military service. Notably, in testimony provided during the Board hearing, the appellant stated that a medical doctor had not informed him that his COPD was related to Agent Orange exposure. When considering the pertinent medical and lay evidence, the Board finds that it weighs against a finding of service connection for COPD.

The Board acknowledges the Veteran's assertion that his COPD is related to military service. Although in some cases a layperson is competent to offer an opinion addressing the etiology of a disorder, the Board finds that, in this case, the determination of the origin of the current condition is a medical question not subject to lay expertise. See Jandreua v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The respiratory condition at issue here involves a pathological process that is not readily observable to a layperson. The Board finds that in light of the non-observable nature of the pathology, the issue of the origin of the diagnosed condition is a medical question requiring medical training, expertise, and experience. The record does not establish that the Veteran has such training or experience. 

In light of the foregoing, the Board finds that service connection is not warranted for the Veteran's COPD. As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine does not apply, and the claim of service for COPD must be denied. See Gilbert v. Derwinski, 1 Vet. App 49, 57 (1990).

ORDER

Entitlement to service connection for chronic obstructive pulmonary disease (COPD), to include as secondary to herbicide exposure, is denied.

REMAND

Prostate Cancer

A review of the August 2010 rating decision reveals that the Veteran had a hearing before the RO in July 2010 regarding his prostate cancer disability. However, a transcript of the hearing has not been associated with the claims file. On remand, a transcript of the hearing must be obtained.

Hypertension

The Veteran asserts that his hypertension is due to herbicide exposure during military service. VA treatment records reflect hypertension among the Veteran's active problems. 

The Board notes that the National Academy of Sciences has concluded that there is "limited or suggestive" evidence of an association between the exposure to Agent Orange and hypertension. The suggestive evidence of an association can arguably be sufficient to establish an "indication" that the current disability "may be related" to herbicide exposure during service. See 75 Fed. Reg. 32,540, 32,549 (Jun. 8, 2010); 75 Fed. Reg. 81,332, 81,333 (Dec. 27, 2010). The Veteran has not been provided a VA examination for his claim of service connection for hypertension. In light of the foregoing, the Board finds that the Veteran should be afforded a VA examination and an opinion regarding the etiology of his hypertension must be obtained. McLendon v. Nicholson, 20 Vet. App. 79, 81-83 (2006).

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the claims file a transcript of the July 2010 RO hearing.

2. Schedule the Veteran for a VA examination to determine the nature and etiology of his hypertension. The examiner should review the claims file to become familiar with the pertinent medical history. Any indicated studies should be performed. 

Thereafter, the examiner should provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's current hypertension is related to military service, to include Agent Orange exposure. 

The examiner is advised that exposure to Agent Orange has been established.

The examiner is to provide a comprehensive rationale for each opinion provided. The Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinion. If the examiner is unable to provide an opinion without resort to speculation, he or she should explain why this is so and what, if any, additional evidence would be necessary before an opinion could be rendered.

3. If any benefit sought on appeal remains denied, issue a Supplemental Statement of the Case before returning the case to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
Paul Sorisio
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs